# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OKLAHOMA

|  |  |
|---|---|
| DEBORAH G. MALLOW IRA SEP INVESTMENT PLAN, individually and derivatively on behalf of CHESAPEAKE ENERGY CORPORATION,<br><br>                        Plaintiff,<br><br>v.<br><br>AUBREY K. MCCLENDON, RICHARD K. DAVIDSON, V. BURNS HARGIS, FRANK A. KEATING, BREENE M. KERR, CHARLES T. MAXWELL, DON L. NICKLES, FREDERICK B. WHITTEMORE, MARCUS C. ROWLAND, MICHAEL A. JOHNSON, and MERRILL A. MILLER, JR.,<br><br>                        Defendants,<br><br>and<br><br>CHESAPEAKE ENERGY CORPORATION,<br><br>                        Nominal Defendant. | Civil Action No. 5:12-cv-00436-M |

## PLAINTIFFS' REPLY IN FURTHER SUPPORT
## OF MOTION FOR PRELIMINARY INJUNCTION

1

| | |
|---|---|
| CHRISTOPHER SNYDER, individually and derivatively on behalf of CHESAPEAKE ENERGY CORPORATION, | Civil Action No. 5:12-cv-00437-M |
| Plaintiff, | |
| v. | |
| AUBREY K. MCCLENDON, RICHARD K. DAVIDSON, V. BURNS HARGIS, FRANK A. KEATING, BREENE M. KERR, CHARLES T. MAXWELL, DON L. NICKLES, FREDERICK B. WHITTEMORE, MARCUS C. ROWLAND, MICHAEL A. JOHNSON, and MERRILL A. MILLER, JR., | |
| Defendants, and | |
| CHESAPEAKE ENERGY CORPORATION, | |
| Nominal Defendant. | |
| BRIAN F. LEONARD, individually and derivatively on behalf of CHESAPEAKE ENERGY CORPORATION, | Civil Action No. 5:12-cv-00479-M |
| Plaintiff, | |
| v. | |
| AUBREY K. MCCLENDON, RICHARD K. DAVIDSON, V. BURNS HARGIS, FRANK A. KEATING, BREENE M. KERR, CHARLES T. MAXWELL, DON L. NICKLES, FREDERICK B. WHITTEMORE, MARCUS C. ROWLAND, MICHAEL A. JOHNSON, and MERRILL A. MILLER, JR., | |
| Defendants, and | |
| CHESAPEAKE ENERGY CORPORATION, | |
| Nominal Defendant. | |

Plaintiffs Deborah G. Mallow IRA SEP Investment Plan, Christopher Snyder, and Brian F. Leonard ("Plaintiffs") respectfully submit this reply in further support of their motion for preliminary injunction.

Defendants primarily argue that shareholders have been provided with a "superabundance" of information regarding the Company's Founder Well Participation Program ("FWPP") and Defendant McClendon's conflicts of interest, both through the Company's Proxy and media reports. Thus, they contend, there is no urgent need to enjoin the annual meeting so that the Proxy can be supplemented with the allegedly omitted material information identified by Plaintiffs. This argument fails for several reasons. First, the media reports that Defendants contend provide the functional equivalent of the information they are required to disclose, instead, just raise more unanswered questions.[1] Second, and relatedly, Defendants simply ignore that Plaintiffs' allegations concern material omissions in their disclosures that are neither addressed nor

---

[1] For example, on May 11, 2012, the Oklahoma City Journal Record reported that:

"It remains unclear if Chesapeake's board knew that from 2004 to 2008 McClendon and company co-founder Tom Ward ran a $200 million hedge fund that sometimes traded in the same energy commodities that Chesapeake produces. As first reported by Reuters, the board amended McClendon's contract in 2009 to allow him to invest in commodities market investments or a hedge fund, but specifically barred him from operating a hedge fund." (emphasis added).

See also Kronfeld v. Trans World Airlines, Inc., 832 F.2d 726, 736 (2d Cir. 1987) ("There are serious limitations on a corporation's ability to charge its stockholders with knowledge of information omitted from a document such as a proxy statement or prospectus on the basis that the information is public knowledge and otherwise available to them."); United Paperworkers Int'l Union v. Int'l Paper Co., 985 F.2d 1190, 1199 (2d Cir. 1993) (News reports may alert shareholders to certain issues, but they cannot always sufficiently "clarify or place in proper context the company's representations in its proxy materials.").

cured by any of the purported "superabundance" of information so far unearthed by the news media.

Plaintiffs submit this reply solely for the purpose of identifying for the Court the specific material information that should be disclosed by Chesapeake in order for the shareholders to cast an informed vote regarding whether Defendants Davis and Hargis should be re-elected to the Board and whether to approve the Long Term Incentive Plan and the 2012 Annual Incentive Plan.  That information includes:

1. The identities of all third-parties (including but not limited to EIG) who have financial relationships with both Chesapeake and Defendant Aubrey McClendon ("McClendon") or any entity affiliated with McClendon.

2. Whether the Board was aware of and/or approved McClendon's third-party financing arrangements.

3. A detailed description of the Board's review, announced on April 26, 2012, of the financial arrangements between McClendon and any third party that also has or may have a relationship with the Company.

4. The extent to which McClendon's borrowings in connection with the FWPP were recourse to him personally.

5. The timing and amount of McClendon's sales of FWPP interests, both separately and concurrently with sales by the Company and the relationship, if any, between sales by McClendon and sales by the Company.

6. How and why it was determined that McClendon's participation in the FWPP would continue until June 30, 2014, and the identity of the people who made that determination.

7. The process by which Defendant Merrill A. Miller was appointed Lead Independent Director despite the fact that Chesapeake has conducted business with National Oilwell Varco, Inc. for which Miller serves as Chairman, CEO and President over the past three yeas.

8. The amount of payments made over the past three years by Chesapeake to BOK Financial Corporation for which Defendant V. Burns Hargis serves as a director.

9. The amount of payments made over the past three years by Chesapeake to Oklahoma State University (or any of its programs) for which Defendant Hargis serves as the President.

It is crucial for Plaintiffs to have full information regarding Defendant McClendon's financing arrangements and whether the Board had knowledge of these arrangements, as set forth above, in order to determine whether to re-elect certain of those Board members to represent their interests and whether to approve an incentive plan for members of the Board and its officers, including McClendon. *See Sherwood v. Ngon*, 2011 WL 6355209, at *9, 15 (Del. Ch. Dec. 20, 2011) (annual meeting of shareholders enjoined where court found that shareholders were not given enough time to consider corrective disclosure made by the company and concluded that the interests of corporate democracy would have the greatest effect on the balance of equities in the case); *Am. Pacific Corp. v. Super Food Servs., Inc.,* 1982 WL 8767, at *5 (Del. Ch. Dec. 6, 1982) (annual meeting of shareholders enjoined where court noted that "staying the meeting at this juncture preserves Plaintiffs' right to a full and fair proxy contest. Defendants will suffer the inconveniences and expenses of another try but [the Court finds] that insignificant when compared to Plaintiffs' right to this proxy contest."); *Berkman v. Rust Craft Greeting Cards, Inc.*, 454 F. Supp. 787, 794 (S.D.N.Y. 1978) (annual meeting enjoined where some directors knew of a conflict of interest regarding company's financial advisory firm but wrongfully did not share it with other directors). *See also In re Pure Res. S'holders Litig.*, 808 A.2d 421, 452 (Del. Ch. 2002) (court recognized that

irreparable injury is threatened when a stockholder might make tender or voting decision on the basis of materially misleading or inadequate information.") (citations omitted); *In re MONY Group Inc. S'holder Litig.* 852 A.2d 9, 32 (Del. Ch. 2004) (holding that "an injunction would remedy the wrong caused to the Stockholders' right to cast a vote after a full and fair disclosure of material facts"); *ODS Techs., L.P. v. Marshall*, 832 A.2d 1254, 1262 (2003) (holding that "[t]he threat of an uninformed stockholder vote constitutes irreparable harm"); *In re Staples S'holders Litig.*, 792 A.2d 934, 960 (Del. Ch. 2001) (acknowledging that stockholders have a "right to receive fair disclosure of the material facts necessary to cast a fully informed vote").

The importance of a full and complete Proxy Statement does not end with the shareholder vote. It is a key document shareholders use to evaluate director performance, and the quality of corporate governance. Even after the vote is taken, shareholders utilize the information contained in the Proxy Statement to assess whether changes need to be made in the corporate governance regime; whether the Board needs to be modified so as to increase its independence and eliminate conflicts of interest; and whether to buy, sell or hold their shares. Public policy here strongly favors disclosure of the facts needed to fully understand how the Board has been operating, and what conflicts may affect its decisions.

## CONCLUSION

Plaintiffs respectfully request that this Court grant their motion for a preliminary injunction.

May 29, 2012

        *s/ Kenyatta R. Bethea*
        Kenyatta R. Bethea OBA #18650
        **HOLLOWAY, BETHEA & OSENBAUGH PLLC**
        3035 N.W. 63rd Suite 102N
        Oklahoma City, OK 73116
        Phone: (405) 246-0600
        Fax (405) 810-4080
        *Proposed Liaison Counsel for Plaintiffs*

        John Halebian
        **LOVELL STEWART HALEBIAN**
        **JACOBSON LLP**
        317 Madison Avenue, 21st Floor
        New York, NY 10017
        Phone: (212) 500-5010
        And
        Roy L. Jacobs
        **ROY JACOBS & ASSOCIATES**
        60 East 42nd Street, 46th Floor
        New York, New York 10165
        Phone:  (212) 867-1156
        *Attorneys for Deborah G. Mallow IRA SEP Investment*
        *Plan and Proposed Co-Lead Counsel for Plaintiffs*

        Nancy Kaboolian
        Stephanie Amin-Giwner
        **ABBEY SPANIER RODD & ABRAMS, LLP**
        212 East 39th Street
        New York, New York 10016
        Phone: (212) 889-3700
        *Attorneys for Plaintiff Christopher Snyder and*
        *Proposed Co-Lead Counsel for Plaintiffs*

        Richard Lockridge
        Gregg Fishbein
        **LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
        100 Washington Avenue S, Suite 2200
        Minneapolis, MN 55401
        Phone: (612) 596-4044
        *Attorneys for Plaintiff Brian L. Leonard*